No. 4705.

Court of Appeal, Parish of Orleans.

## GEORGE L. BRIGHT VS. JAMES F. McCOY.

When the lessor refuses to accept the rental when tendered him at the time and place agreed upon, and fixes another time and place, he will not be permitted, by refusing the tender then made, to arbitrarily demand a higher rental which is made. the penalty in the contract of lease for failure to pay promptly. He is entitled however, to recover from the lessee, the rental due for the latter's actual occupancy of the premises.

Apeal from the Civil District Court, Division "B."

Geo. L. Bright, T. R. Rogers, for Plaintiff and Appellant.

A. L. Bear, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff and defendant entered into the following agreement or contract of lease:

"This agreement made between George L. Bright and James F. McCoy shows that George L. Bright rents to James F. McCoy the unimproved naked lot of ground No. 1428 Prytania Street, for one year from the first day of December, 1906, at ten ($10) dollars per month for the first three months, and afterwards for twelve ($12) dollars per month, payable on the first day of each and every month at the residence of the lessor, 1404 Prytania Street. If not so punctually paid, then the rent shall be fifteen ($15) dollars per month. The lessor, Bright, will make no repairs nor expenditures during this lease."

Plaintiff sues to recover the rental for eleven months at the rate of fifteen ($15) dollars a month, or a total of one hundred and sixty-five ($165) dollars, averring in his petition that the defendant retained possession of the premises during the entire year, paying only the first month's (December, 1906) rental of ten ($10) dollars and failing and neglecting thereafter to pay any more rent.

The defendant's answer is general denial.

The judgment below was in favor of the defendant, rejecting plaintiff's demand, and the latter has appealed.

Our examination of the record satisfies us that the judg-

—301—

ment of the lower court was in the main correct, but we are of opinion that the absolute rejection of plaintiff's demand was error.

Briefly, the facts as we gather them, and as established by a preponderance of the evidence are as follows:

Defendant paid the rent of ten ($10) dollars for the month of December, 1906, (evidenced by a receipt in the record), on the first day of January, 1907, and on the first day of February, 1907, he promptly presented himself at plaintiff's residence and was prepared to pay the rent for the month of January, but the plaintiff, for reasons which we need not discuss, refused to accept the rental at the place stated in the agreement, saying to defendant's messenger that he must be seen in reference to business, at his office down-town.

The next day, second day of February, the same messenger called at the plaintiff's office as instructed by him, and the tender of ten ($10) dollars was then refused by plaintiff on the ground that the time for paying had lapsed and that under the terms of the lease, the rental was now fifteen ($15) dollars and not ten ($10) dollars.

The proof is that defendant informed plaintiff that he would not longer retain the premises, and that he immediately removed from the leased premises, some lumber and other proprty belonging to him.

Though the notice to the plaintiff intended to bring about the termination of the lease was not the legal formal notice required, yet the facts of this case establish such a serious violation of the terms of the lease by the plaintiff that we are in justice constrained to hold that the notice given by defendant, such as it was, was sufficient to terminate the lease.

The defendant, however, occupied and used plaintiff's property during the months of December, 1906, and January, 1907, and paid the December rent only. True plaintiff makes no claim for rental at the rate of ten ($10) a month, but we think that under the pleadings and the evidence we are required to construe the contract and give to the parties to it anything that they may be entitled to under its terms.

If the plaintiff refused to accept the rental when tendered at the time and place agreed upon, and fixes another time and place, he will not be permitted, by refusing the tender then

made, to arbitrarily demand a higher rental which is made the penalty in the lease for failing to pay promptly. In such a case the lessee, by refusing to pay the increased rental and giving notice to plaintiff that he would vacate the premises, and thereupon removes at once from the leased premises all of his property, the relations of landlord and tenant cease, the lease is terminated.

As heretofore noted the premises were occupied by defendant during two months and he has paid the rental only for one, that of December, 1906. Plaintiff is entitled to the rental for January, 1907, ten ($10) dollars, for which he must get judgment.

Had defendant made a legal tender of this amount in court he would have escaped the payment of costs of these proceedings. These he must now bear.

For the reasons assigned, it is now ordered, adjudged and decreed that the judgment appealed from be reversed and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant for the sum of ten ($10) dollars, with legal interest from the first of February, 1907, defendant to pay all costs.